IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JOHNSON PLATE & TOWER FABRICATION, INC. | § § § | Case No. 14-31649 |
| | § § | Chapter 11 |
| Debtor. | § | |

**DEBTOR'S EXPEDITED MOTION FOR ENTRY OF (I) AN ORDER (A)SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE, AND (B) GRANTING CERTAIN RELATED RELIEF; AND (II) AN ORDER (A) APPROVING THE PROPOSED SALE AND (B) GRANTING CERTAIN RELATED RELIEF**

**Expedited Hearing Requested**

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

Comes now JOHNSON PLATE & TOWER FABRICATION, INC. ("JPT" or "Debtor"), debtor-in-possession in the above-referenced Chapter 11 case and files this Debtor's Expedited Motion for Entry of (I) an Order (A) Authorizing the Sale of personal property owned by JPT, (B) Scheduling a Hearing to Consider the Proposed Sale, and (II) an Order (A) Approving the Proposed Sale, and (B) Granting Certain Related Relief (the "Motion"). The Motion is filed pursuant to Sections 105 and 363 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (The "Bankruptcy Rules").

**Summary of Relief Requested**

1. By this Motion, the Debtor requests entry of an order on an expedited basis scheduling a hearing (the "Sale Hearing") to approve such sale (the "Sale").

2. Second, at the Sale Hearing, the Debtor also hereby moves the Court, pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014, for entry of an order authorizing: (i) the sale of the personal property free and clear of liens, claims, interests and encumbrances; (ii) approval of the Purchase Sale Agreement dated as of November 17, 2014 (the "PSA") between the Debtor, as Seller and the Proposed Purchaser, REICH BROS, LLC ("REICH"), and the

1

obligations incurred by the Debtor and the Proposed Purchaser thereunder, and (iii) granting related relief (the "Sale Relief").

3. The Debtor requests approval for the immediate distribution of sales proceeds to various taxing authorities and secured creditors as further set forth herein. In support of the Motion, the Debtor states as follows:

### Jurisdiction And Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2). Venue is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

### Background

5. On October 7, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, El Paso Division (the "Court").

6. Since the Petition Date, the Debtor has managed its affairs and conducted its business as debtor-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's Chapter 11 case.

7. No Official Committee of Unsecured Creditors (the "Committee") has been appointed by the United States Trustee.

8. The Debtor is a manufacturing facility located in Canutillo, Texas.

9. The Debtor's principal assets include equipment used to manufacture wind turbine towers and a separate paint facility for those towers.

### Relief Requested

10. The Debtor seek, upon conclusion of the Sale hearing, entry of an order (i) authorizing the sale of the equipment and personal property to REICH, (the "Proposed Purchaser"), pursuant to the PSA (a copy of which is attached as Exhibit "A")as may be modified; and (ii) approving the PSA (the "Sale Order") with the Proposed Purchaser.

11. After extensive arm's length negotiations, the Debtor and the Proposed Purchaser have

agreed upon the PSA, and a copy of a fully executed of the PSA is attached hereto as Exhibit "A".

12.     The Debtor requests that the Sale of the equipment occur on or before December 15, 2014.

13.     The Debtor believes that an immediate going concern sale of the equipment is essential to maximize asset value and creditor recoveries. The Debtor further believes that the proposed timeline affords the Debtor a sufficient opportunity to complete the sale process.

### Terms of the PSA

14.     The Debtor entered into the PSA subject to court approval. The PSA contemplates the sale of the Debtor's equipment to the Proposed Purchaser for a total of $1,250,000.00. Proceeds from the sale will be used to; (1) pay Franklin Capital Holdings, LLC ("Franklin") (net of Cash Collateral payments) to satisfy any and all obligations, financial or otherwise, and (2) pay the City of El Paso ("City") the approximate sum of $69,221.88 to satisfy and all obligations, financial or otherwise, referenced in the City Proof of Claim (Claims Register No. 1).

### Deadline to File Sale Objections

15.     The Debtor requests that any objections to the Sale of the equipment to the Proposed Purchaser or to the PSA must (i) be in writing, (ii) conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Western District of Texas, El Paso Division, (iii) set forth the name of the objecting party, the nature and amount of any claims or interest held or asserted against the Debtor' estate or properties, the basis for the objection and the specific grounds therefor, and (iv) be served so as to be actually received by December 1, 2014 at 12:00 p.m. (Noon Mountain Time) by (A) Debtor's counsel, James & Haugland, P.C., Attn: Wiley F. James, III, 609 Montana Ave., El Paso, Texas 79902 Email: wjames@jghpc.com (B) counsel for Franklin Capital Holdings, LLC, Gordon Davis Johnson & Shane, P.C., Attn: Harrel Davis, 4695 N. Mesa St., El Paso, Texas 79912, Email: hdavis@eplawyers.com; and (C) United States Trustee, Attn: Kevin Epstein, Asst. US Trustee, 615 E. Houston, Suite 533, San Antonio, TX 78205, Email: Kevin.M.Epstein@usdoj.gov (collectively, the "Objection Notice Parties").

16.     The Debtor requests that any party failing to timely file and serve its objection on the Objection Notice Parties shall be barred from asserting an objection to the Amended Motion and the Sale to the Proposed Purchaser.

## Applicable Authority

### A. The Sale Transaction

17. Pursuant to Bankruptcy Rule 6004 (1), sales of property outside the ordinary course of business may be by private sale or by public auction. The Debtor believes that the proposed sale, vis-a-vis an auction process with its attendant delays and advertising costs, is most likely to maximize the market value of the equipment for the benefit of the Debtor's estate. Accordingly, the Debtor believes the Court should approve the Sale Transaction.

### B. The Sale Relief

18. The Debtor also requests that the Court approve the sale of the Equipment to the Proposed Purchaser pursuant to Sections 105 and 363 of the Bankruptcy Code. This portion of the relief is requested to be entered after the Sale Hearing. In an exercise of the Debtor's sound business judgment, the Debtor submits that the sale of the Equipment to the Proposed Purchaser pursuant to the PSA, is in the Debtor's best interests and should be approved.

19. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1); *Cajun Elec. Power Coop., Inc. v. Official Comm. of Unsecured Creditors (In re Cajun Elec. Power Coop., Inc)*, 119 F.3d 349, 354 (5th Cir. 1997). Courts look to various factors to determine whether to approve a motion under Section 363(b) of the Bankruptcy Code, such as: (a) whether a sound business reason exists for the proposed transaction; (b) whether *Creditors (In re Cajun Elec. Power Coop., Inc)*, 119 F.3d 349, 354 (5th Cir. 1997). Courts look to various factors to determine whether to approve a motion under Section 363(b) of the Bankruptcy Code, such as: (a) whether a sound business reason exists for the proposed transaction; (b) whether fair and reasonable consideration is provided; (c) whether the transaction has been proposed in good faith; and (d) whether adequate and reasonable notice is provided. *See, e.g., In re Condere Corp.*, 228 B.R. 615, 626 (Bankr. S.D. Miss. 1998); *Comm. of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071; *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147- 49 (3d Cir. 1986).

20. A debtor must demonstrate sound business judgment for a sale of assets outside of the ordinary course of business. *Institutional Creditors of Continental Air Lines, Inc. v. Cont 'l Air Lines, Inc. (In re Cont 'l Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986). The Debtor has sound business reasons for selling its Equipment at this time. The Debtor has determined that the Sale of the Equipment is the best

4

way to maximize the value of the Debtor's estate in an expedited fashion for the benefit of all constituencies. Further, the Sale obviates the need for at least two (2) adversary proceedings and possible objections to confirmation of JPT's Plan of Reorganization from the creditors and any possible appeals from an adversary proceeding or contested matter.

21. The Debtor has sought "take-out" financing for the last six (6) months without success. The Debtor continues to seek this form of financing but does not expect that it will bear fruit in the short term future. The Debtor leases its facility and has attempted sales of the equipment in conjunction with the continued occupancy at the Canutillo, Texas facility which have proven unsuccessful.

22. The PSA is the product of extensive, arm's length negotiations. The PSA is advantageous to the Debtor's estate in that it provides a source certain for an immediate cash sale. The Debtor has received over a dozen inquiries from experienced equipment purchasers. The PSA represents the money that could be obtained at this time. The Debtor previously had extensive negotiations with CS Wind, a Korean company, to purchase the Debtor's assets, land and retention of key employees. As late as November 5, 2014, counsel for CS Wind indicated that it was working on an Asset Purchase Agreement fo the Debtor to sign. Based on its marketing efforts, the Debtor submits the consideration to be paid under the PSA is fair and reasonable. Under these circumstances, sound business reasons exist that justify the sale of the assets outside of the ordinary course of business.

### C. Good Faith Requirement

23. Section 363(m) of the bankruptcy Code provides that "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this Section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith...." 11 U.S.C. § 363(m) (emphasis added). While the Bankruptcy Code does not define "good faith", the court in *Sullivan Central Plaza I, Ltd., v. BancBoston Real Estate Capital Corp.*, 106 B.R. 934 (N.D. Tex. 1989), stated: "[t]he type of conduct of a purchaser which would destroy its good faith status in § 363(m) involves fraud, collusion between the purchaser and other bidders of the trustee, or an attempt to take grossly unfair advantages of other bidders." *Id.* At 938 (citing *Matter of Bleaufontaine, Inc.*, 634 F.2d 1383, 1388 )5th Cir. 1981))

24. The Debtor requests the Court determine the Proposed Purchaser to be acting in good faith and entitled to the protections of a good faith purchaser under Section 363(m) of the Bankruptcy Code. The PSA between the Debtor and the Proposed Purchaser is the result of good-faith, arm's length

 

negotiations conducted among the parties.

### D. Sale of the Equipment Should be Granted Free and Clear of Certain Liens, Claims, Interests and Encumbrances.

25. Section 363(f) of the Bankruptcy Code provides:

> (f) The trustee may sell property under subsection (b) or (c) of this Section free and clear of any interest in such property of an entity other than the estate, only if--
>
> (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363 (f).

26. Section 363(f) is written in the disjunctive. *See In re Collins,* 180 B.R. 447, 450 (Bankr. E.D. Va. 1995) ("Section 363(f) is phrased in the disjunctive, such that only one of the enumerated conditions must be met in order for the Court to approve the proposed sale."); *In re P.K.R. Convalescent Ctrs., Inc.,* 189 B.R. 90, 94 (Bankr. E.D. Va. 1995) ("[Section] 363 covers more situations than just sales involving liens ... Section 363(f) addresses sales free and clear of any interest ...."); *In re Gen. Bearing Corp.,* 136 B.R. 361, 366 (Bankr. S.D.N.Y. 1992) (listing requirements). Accordingly, to approve a sale free and clear of all liens, claims, encumbrances, and other interests, the Debtor is required only to meet one of the five (5) conditions listed in Section 363(f).

27. Other than the alleged interests, claims and/or encumbrances set forth in Schedule 6.1 of the PSA as set forth in the Debtor's Schedules, the Debtor is unaware of any (i) liens, encumbrances or interests or (ii) "claims" as defined in Section 101(5) of the Bankruptcy Code that have been asserted against the Equipment. The proposed sale price of the Equipment is much greater than the value of any claimed liens or encumbrances of which the Debtor is aware. Furthermore, the Sale Order will provide that

6

any liens, claims, encumbrances or interests attach to the net cash proceeds derived from the Sale of the Equipment in the same validity, force and effect that such liens, claims, encumbrances or interests now have against the Equipment, subject to the rights and defenses, if any, of the Debtor with respect thereto. Accordingly, the Debtor satisfies Section 363(f)(3).

28. The Sale of the Equipment free and clear of any liens, claims, encumbrances or interests on the assets satisfies the statutory prerequisites of Section 363(f) of the Bankruptcy Code. Accordingly, the Debtor requests that the Equipment be transferred to the Proposed Purchaser free and clear of all liens, claims, encumbrances, and interests, with any such liens, claims, encumbrances, and interests to attach to the net sale proceeds of the Equipment.

### Notice of Sale Hearing

29. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private or by public auction. *See* FED. R. BANKR. P. 6004(f)(1). Further, pursuant to Bankruptcy Rule 2002(a)(2), this Court may, for cause shown, shorten or direct another method of giving notice regarding the general twenty-one (21) day by mail period for the proposed use, sale, or lease of property of the estate other than in the ordinary course of business. See FED. R. BANKR. P. 2002(a)(2). Subject to Bankruptcy Rule 6004, the notice of a proposed use, sale, or lease of property required under Bankruptcy Rule 2002(a)(2) must include the time and place of any public sale, the terms and conditions of any private sale, and the time fixed for filing objections. *See* FED. R. BANKR. P. 2002(c)(1). Moreover, the notice of a proposed use, sale, or lease of property is sufficient if it generally describes the property. *Id.*

30. Within three (3) Business Days following the filing of this Motion, the Debtor will serve a notice of the Sale and Hearing (the "Sale Hearing Notice") by first class mail, postage prepaid, or by electronic correspondence to: (a) the Potential Purchaser (b) counsel for the Proposed Purchaser, (c)the Office of the United States Trustee, (d) all parties who are known to possess or assert a lien, claim, encumbrance or interest in or upon any of the Equipment, (e) all applicable federal, state and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested in the Motion; and (f) all other parties on the Debtor's most current master service

list filed in the Bankruptcy Case ("Matrix"). Such Sale Hearing Notice shall be deemed to satisfy the notice requirements of Bankruptcy Rules 2002 and 6004 and Section 363(b) of the Bankruptcy Code, and constitute good and sufficient notice and that no other or further notice is required.

### E. Waiver or Reduction of the Ten (10) Day Stay Period of Bankruptcy Rules 6004(h) and 6006(d)

31. Pursuant to Bankruptcy Rules 6004(h) and 6006(d), unless the court orders otherwise, (i) all orders authorizing the sale of property pursuant to Section 363 of the Bankruptcy Code and (ii) all orders authorizing the assignment of executory contracts or unexpired leases under Section 365 of the Bankruptcy Code are automatically stayed for ten (10) days after entry of the order. The purpose of Bankruptcy Rules 6004(h) and 6006(d) is to provide sufficient time for an objecting party to appeal before the order can be implemented. *See* Advisory Committee Notes to FED. R. BANKR. P. 6004(g) and 6006(d).

32. Although Bankruptcy Rules 6004(h) and 6006(d) and the Advisory Notes are silent as to when a court should "order otherwise" and eliminate or reduce the ten (10) day stay period, Collier on Bankruptcy suggests that the ten (10) day stay period should be eliminated to allow a sale or other transaction close immediately "when there has been no objection to the procedures." 10 COLLIER ON BANKRUPTCY, ¶ 6004.10 (A. Resnick, 15th ed. rev. 2007). Furthermore, *Collier* provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. *Id.*

33. The Debtor hereby requests that the Court waive the ten (10) day stay periods under Bankruptcy Rules 6004(h) and 6006(d) or in the alternative, if an objection to the sale of the Equipment is filed, reduce the minimum amount of time needed by the objecting party to file its appeal to allow the Sale of the Equipment.

### F. Sale Contingent Upon Occupancy Agreement With Bergen Johnson Olson, LLC

34. The Debtor wishes to advise this Court and the Creditors that any sale would be contingent upon a buyer's inspection of the equipment (if not already completed) and an occupancy

agreement with the landlord, Bergen Johnson and Olson, LLC ("BJO").

35. An occupancy agreement is essential because the estimated time to disassemble and remove the equipment ranges from two-four (2-4) months according to various prospective purchasers. The principal of the Debtor, Douglas Johnson, is a general partner in the LLC. Douglas Johnson has not been negotiating on behalf of BJO for execution of any occupancy agreement as part of this 363 sale. Counsel for the Debtor, James & Haugland, PC, does not and has not represented Mr. Douglas Johnson or BJO at any time prior to or during the Chapter 11 Case.

36. Accordingly, the Debtor makes no representations concerning the possibility of obtaining an occupancy agreement or the monthly rent and other terms that might be contained therein.

### G. "As-Is, Where-Is" Sale

37. The Debtor wishes to emphasize that this Section 363 sale is being conducted on an "As-Is, Where-Is" basis and the Debtor makes no warranty, expressed or implied, concerning the equipment and other personal property to be sold, other than all equipment listed on the Loeb Appraisal (attached hereto as Exhibit "B") is in existence and located at the plant in Canutillo, Texas.

### Conclusion

WHEREFORE the Debtor respectfully requests entry of an order; (i) approving the proposed Purchase and Sale Agreement to be used for the Equipment; (ii) approving the sale of the Debtor's Equipment free and clear of liens, claims, interests and encumbrances; (iii) approving the PSA, as may be modified, and the obligations incurred by each of the Debtor and the Proposed Purchaser thereunder; and (iv) any other relief this Court deems just and proper. A propose Order is attached hereto as Exhibit "C".

Respectfully submitted,

**JAMES & HAUGLAND, P.C.**
609 Montana Avenue
El Paso, Texas 79902
Telephone: 915-532-3911
Facsimile: 915-541-6440

By: /s/ Wiley F. James III
WILEY F. JAMES, III
State Bar No. 10554300
Attorney for Johnson Plate & Tower
Fabrication, Inc.
Debtor & Debtor-in-Possession

**CERTIFICATE OF SERVICE**

I certify that on the 17th day of November, 2014 a true and correct copy of the foregoing 363 Sale Motion was served upon the via electronic means to the parties listed on the Court's ECF Noticing System, including the following:

U.S. Trustee's Office
615 E. Houston, Suite 533
P.O. Box 1539
San Antonio, TX 78295-1539

Harrel L. Davis
Gordon Davis Johnson & Shane, P.C.
4695 N. Mesa St
El Paso, TX 79912
hdavis@eplawyers.com

and to all of the parties listed on the attached matrix pursuant to L.R. 9013(c)(1)(B).

/s/ Wiley F. James III
WILEY F. JAMES, III

Label Matrix for local noticing
0542-3
Case 14-31649-hcm
Western District of Texas
El Paso
Fri Oct 17 10:25:17 CDT 2014

Johnson Plate & Tower Fabrication, Inc.
201 Los Mochis Dr.
Canutillo, TX 79835

U.S. BANKRUPTCY COURT
511 E. San Antonio Ave., Rm. 444
EL PASO, TX 79901-2415

AT&T
PO Box 5025
Carol Stream, IL 60197-5025

AT&T Mobility
PO Box 537014
Atlanta, GA 30353-7014

Abrasives & Equipment
4279 S. Santa Rita
Tucson, AZ 85714-1641

Airgas Southwest, Inc.
PO Box 676031
Dallas, TX 75267-6031

Alamo Distribution, LLC
PO Box 671555
Dallas, TX 75267-1555

All-Guard
23194 Kidder St.
Hayward, CA 94545-1629

Allied Waste Services
PO Box 78440
Phoenix, AZ 85062-8440

American Express
PO Box 650448
Dallas, TX 75265-0448

American Sling
7150 Copper Queen
El Paso, TX 79915-1225

Avanti Wind Systems
5150 South Towne Dr.
New Berlin, WI 53151-7955

B&M Machinery Co.
7170 Copper Queen Dr.
El Paso, TX 79915-1225

(p)BMW FINANCIAL SERVICES
CUSTOMER SERVICE CENTER
PO BOX 3608
DUBLIN OH 43016-0306

BNSF Railway Co.
PO Box 676152
Dallas, TX 75267-6152

BXW Electrical Rebuilders
4020 Hayes Ave.
El Paso, TX 79930-6815

BYK Gardner USA
25098 Network Pl.
Chicago, IL 60673-1250

Bank of America
PO Box 60875
Los Angeles, CA 90060-0875

Bank of America
PO Box 660070
Dallas, TX 75266-0070

Baron Chemical
817 Texas Ave.
El Paso, TX 79901-1503

Bassett Transportation
PO Box 77
Crete, NEB 68333-0077

Berding Weil
2175 N. California Blvd., #500
Walnut Creek, CA 94596-7336

Bergen Johnson Olson
1941 Davis St.
San Leandro, CA 94577-1262

Blue Tarp Financial
PO Box 105525
Atlanta, GA 30348-5525

Border Hose & Supply, Inc.
11220 Rojas Dr., Ste. C-1
El Paso, TX 79935-5403

Border States Electric
Dept. 1105
Denver, CO 80291-0001

C&R Distributing
140 Prado Rd.
El Paso, TX 79907-6136

Camino Real Landfill
PO Box 580
Sunland Park, NM 88063-0580

Canfield & Joseph, Inc.
PO Box 471285
Tulsa, OK 74147-1285

Chevron and Texaco Universal Card
PO Box 921729
Norcross, GA 30010-1729

Chevron and Texaco Universal Card
PO Box 9223928
Norcross, GA  30010

City of El Paso
P.O. Box 2992
El Paso, TX 79999-2992

City of El Paso
c/o David G. Aelvoet
711 Navarro, Suite 300
San Antonio, TX 78205-1749

Comcast
PO Box 34744
Seattle, WA 98124-1744

Complete Reprographics
6122 Trowbridge
El Paso, TX 79905-2199

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

Concord Jet Service
PO Box 787
Concord, CA 94522-0787

Continental Batteries
4919 Woodall St.
Dallas, TX 75247-6795

Crane Care, Inc.
PO Box 37109
Phoenix, AZ 85069-7109

DHL Express USA, Inc.
16592 Collections Center
Chicago, IL 60693-0165

David Aelvoet
Linebarger, Goggan, Blair
711 Navarro, Suite 300
San Antonio, TX 78205-1749

Dealers Electrical Supply
1050 Kastrin St.
El Paso, TX 79907-1705

Denman Propane
8918 Gateway East
El Paso, TX 79907-1818

(p)DIRECTV LLC
ATTN BANKRUPTCIES
PO BOX 6550
GREENWOOD VILLAGE CO 80155-6550

Doug Johnson
#5 Oak Arbor
Orinda, CA 94563-1726

Doug Johnson
5 Oak Arbor Rd.
Orinda, CA 94563-1726

EFTPS
PO Box 173788
Denver, CO 80217-3788

EMA Inc.
5220 Langford Park, Ste. A
Norcross, GA 30071-1503

EPIC - Edgewood Partners Ins
300 Executive Pkwy 325
San Ramon, CA  94583

ESAB Group
411 S. Ebenezer Rd.
Florence, SC 29501-7916

El Paso Central Appraisal District
5801 Trowbridge
El Paso, TX 79925-3346

El Paso County Tax Assessor/Collector
P.O. Box 2992
El Paso, TX 79999-2992

El Paso Disposal
PO Box 660177
Dallas, TX  75266-0177

El Paso Electric
Customer Service
PO Box 982
El Paso, TX 79960-0001

El Paso Water Utilities
PO Box 511
El Paso, TX 79961-0511

FRISA
PO Box 671256
Dallas, TX 75267-1256

Farmer Brothers Coffee
PO Box 79705
City of Industry, CA 91716-9705

Federal Express
North Shore Agency
270 Spagnoli Toad St., Ste. 110
Melville, NY 11747-3515

Felix's Auto Parts
PO Box 550
Anthony, NM 88021-0550

| | | |
|---|---|---|
| Fidelity Investments<br>PO Box 73307<br>Chicago, IL 60673-7307 | Franklin Capital Holdings, LLC<br>c/o Harrel L. Davis<br>P.O. Box 1322<br>El Paso, TX 79947-1322 | Franklin Capitol<br>600 Central Ave., Suite 396<br>Highland Park, IL 60035-5612 |
| Gallina, LLP, CPA<br>925 Highland Pointe Dr., #450<br>Roseville, CA 95678-5423 | Gamesa Corp.<br>1150 Northbrook Dr.<br>Trevose, PA 19053-8409 | Gerardo Villalobos<br>Anthony Machine Shop<br>PO Box 2575<br>2940 Montebello<br>Anthony, NM 88021-9027 |
| Global Finishing Solutions<br>PO Box 250<br>Osseo, WI 54758-0250 | Gorman Industrial<br>1701 Texas Ave.<br>El Paso, TX 79901-1898 | Grainger<br>1400 Lomaland Dr.<br>El Paso, TX 79935-5207 |
| Greenstein Rogoff Olsen Co.<br>39159 Paseo Padre Pkwy., #315<br>Fremont, CA 94538-1698 | Guardian<br>PO Box 51505<br>Los Angeles, CA 90051-5805 | Health Care Sercice Corp<br>PO Box 731428<br>Dallas, TX 75373-1428 |
| Hempel USA<br>600 Conroe Park North Dr.<br>Conroe, TX 77303-2207 | Hose Power USA<br>PO Box 861777<br>Orlando, FL 32886-1777 | Hypertherm, Inc.<br>PO Box 843935<br>Dallas, TX 75284-3935 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | International Fluid Power<br>7460 Doniphan Dr.<br>Canitillo, TX 79835-6603 |
| Intsel Steel Distributors<br>PO Box 301212<br>Dallas, TX 75303-1212 | J-Tex Wipers<br>PO Box 3547<br>El Paso, TX 79923-3547 | JMT Capital Holdings<br>attn: Travis T. Kozlowski<br>1192 Draper Pkwy., #331<br>Draper, TX 87020 |
| Kit Christensen<br>dba KLC Enterprises<br>6 Woodside Ct.<br>San Anselmo, CA 94960-1332 | Lake Steel, Inc.<br>NC Receivable Corp.<br>PO Box 31748<br>Amarillo, TX 79120-1748 | MOLTEC International<br>2-2699 Bristol Cir. Oakville<br>On L6H 6X5, CANADA |
| McMaster-Carr Supply Co.<br>PO Box 7690<br>Chicago, IL 60680-7690 | Mendel Blumenfeld, LLP<br>5809 Acacia Acircle<br>El Paso, TX 79912 | Metallurgical Engineering<br>845 E. Arapaho Rd.<br>Richardson, TX 75081-2242 |
| MillerBernd<br>622 8th St., South<br>Winsted, MN 55395 | Minerals Research<br>4620 S. Coach Dr.<br>Tucson, AZ 85714-3442 | Mounce Green Myers Safi Paxson<br>100 N. Stanton, Suite 1000<br>El Paso, TX 79901-1463 |

| | | |
|---|---|---|
| Myers Ace Hardware<br>PO Box 220<br>Canutillo, TX 79835-0220 | NDT Systems<br>Anthony Esposito<br>3912 Cerritos Ave.<br>Los Alamitos, CA 90720-2454 | Nelson Stud Welding, Inc.<br>PO Box 504781<br>St. Louis, MO 63150-4781 |
| Newark Electronics<br>PO Box 94151<br>Palatine, IL 60094-4151 | Norman Houskajian<br>12625 High Bluff Dr.<br>Suite 201<br>San Diego, CA 92130-2053 | Nova Safety Products, Inc.<br>2112 Wyoming Ave.<br>El Paso, TX 79903-3509 |
| Oceanaire Services, Inc.<br>21-C Orinda Way., #321<br>Orinda, CA 94563-2534 | Orinda Country Club<br>315 Camino Sobrante<br>Orinda, CA 94563-1899 | Pencil Cup Office Products<br>1701 Texas Ave.<br>El Paso, TX 79901-1809 |
| Permian Machinery Movers<br>9270 Gateway East<br>El Paso, TX 79907-1861 | Peter Johnson<br>48 Camino Don Miguel<br>Orinda, CA 94563-1739 | Premium Assignment Corp<br>PO Box 8000<br>3522 Thomasville Rd.<br>Tallahassee, FL 32309-3488 |
| Purvis Industries<br>805 Tony Lama<br>El Paso, TX 79915-1345 | RS Hughes<br>1410 Gail Borden, Ste. A-1<br>El Paso, TX 79935-4809 | Ranger Steel Supply Corp.<br>PO Box 4346<br>Dept. 451<br>Houston, TX 77210-4346 |
| Riverside Hardware<br>PO Box 1520<br>Canutillo, NM 79835-1520 | Roadrunner Crane & Rigging<br>1745 Marquess St.<br>Las Cruces, NM 88005-3383 | Robert Mavarro & Assoc.<br>124 W. Castellano, Ste. 201<br>El Paso, TX 79912-6139 |
| Ryan and Company<br>13155 Noel Rd., Suite 100<br>Dallas, TX 75240-5050 | Santa Teresa Immediate Care<br>PO Box 1259<br>Santa Teresa, NM 88008-1259 | Seifert Industrial Sales, Inc,<br>1323 Columbia Sr., Ste. 305<br>Richardson, TX 75081-2900 |
| Sherwin Williams<br>1015 Eastside Rd.<br>El Paso, TX 79915-1003 | Shredder Company, LLC<br>7380 Doniphan Dr,<br>Canutillo, TX 79835-6604 | Sierra Loan<br>101 Parkshore Dr., Ste. 189<br>Folsom, CA 95630-4726 |
| Sierra Machinery<br>939 Hawkins<br>El Paso, TX 79915-1219 | Southwest First Aid Supply<br>PO Box 220229<br>EL Paso, TX 79913-2229 | Specialized Steel Contractors<br>105 E. Castellano, Ste. A<br>El Paso, TX 79912-6436 |
| Swifco<br>924 Tony Lama<br>El Paso, TX 79915-1305 | Swift Becca, Inc.<br>2010 Cobb International Blvd.<br>Suite H<br>Kennesaw, GA 30152-4364 | Syoxsa<br>6996 Commerce Ave.<br>El Paso, TX 79915-1102 |

| | | |
|---|---|---|
| TW Telecom<br>PO Box 172567<br>Denver, CO 80217-2567 | Texas Child Support SDU<br>PO Box 659791<br>San Antonio, TX 78265-9791 | Texas Gas Service<br>PO Box 31427<br>El Paso, TX 79931-0427 |
| Texas Mutual Ins. Co.<br>PO Box 841843<br>Dallas, TX 75284-1843 | Texas Workforce Commission<br>TEC Building - Bankruptcy<br>101 East 15th Street<br>Austin, TX 78778-0001 | The Peakstone Group<br>150 N. Wacker Dr.<br>Suite 2500<br>Chicago, IL 60606-1609 |
| Thermacut<br>153 Charleston Rd.<br>Charleston, NH 03743-5616 | Thermion<br>PO Box 780<br>Silverdale, WA 98383-0780 | Tradewinds Steel<br>8382 Artesia Blvd., Unit 1<br>Buena Park, CA 90621-4193 |
| Travelers Ins.<br>PO Box 660317<br>Dallas, TX 75266-0317 | Uline<br>2200 S. Lakeside Dr.<br>Waukegan, IL 60085-8311 | United States Attorney<br>601 N.W. Loop 410, Suite 600<br>San Antonio, Texas 78216-5597 |
| United States Attorney General<br>Department of Justice<br>950 Pennsylvania Ave. N.W.<br>Washington, D.C 20530-0009 | United States Trustee<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 | United States Trustee - EP12<br>U.S. Trustee's Office<br>615 E. Houston, Suite 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 |
| Watson Pest Control<br>PO Box 12823<br>El Paso, TX 79913-0823 | Western Refining<br>AG Adjustments<br>740 Walt Whitman Rd.<br>Melville, NY 11747-2212 | Western Star Enterprises<br>11394 James Watt, Ste. 503<br>El Paso, TX 79936-6442 |
| Work Wear Shoe & Safety<br>6318 Airport Frwy., Suite C<br>Fort WOrth, TX 76117-5379 | Xerox Corp.<br>PO Box 660501<br>Dallas, TX 75266-0501 | Wiley France James III<br>James & Haugland, P.C.<br>609 Montana Ave.<br>El Paso, TX 79902-5303 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| BMW Financial<br>PO Box 3608<br>Dublin, OH 4316-0306 | Comptroller Public Account<br>P.O. Box 149348<br>Austin, TX 78714-9348 | DirecTV<br>PO Box 54000<br>Los Angels, CA 90054 |
| (d)Direct TV<br>PO Box 78626<br>Phoenix, AZ 85062 | Internal Revenue Service<br>P. O. Box 21126<br>Philadelphia, PA 19114 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)TW Telecom
PO Box 172567
Denver, CO 80217-2567

End of Label Matrix
Mailable recipients 140
Bypassed recipients 1
Total 141